

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Colleen E. McGuinn*  *Suite 400*  *DIRECT: 410-209-4823*
*Assistant United States Attorney*  *36 S. Charles Street*  *MAIN: 410-209-4800*
*Colleen.McGuinn@usdoj.gov*  *Baltimore, MD 21201-3119*  *FAX: 410-962-3091*

October 4, 2024

**VIA ECF**

The Honorable Richard D. Bennett
United States District Judge
District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

    Re:    *United States v. Nirado Dwayne Johnson,*
          Criminal No.  RDB-23-048

Dear Judge Bennett:

    On February 8, 2023, the Defendant was indicted in the United States District Court for the District of Maryland and charged with one count of Conspiracy (18 U.S.C. § 371); 7 counts of Interstate Transportation of Stolen Vehicles. (18 U.S.C. § 2312); and one count of Interstate Transportation of Stolen Property (18 U.S.C. § 2314). On July 22, 2024, the Defendant entered a plea of Guilty to Counts 1 and 2, Conspiracy and Interstate Transportation of Stolen Vehicles, respectively.

    The sentencing hearing in the above-captioned matter is currently scheduled for October 21, 2024, at 10:30 a.m.  As calculated in the Presentence Investigation Report ("PSR," ECF 77), the Defendant's offense level is 17 and his criminal history category is IV, resulting in an advisory USSG sentencing range of 37 - 46 months of incarceration.

    The Government requests a sentence of 30 months of incarceration.  In addition to a period of incarceration, the Government requests a period of three (3) years of supervised release, pay restitution to the victims, and pay a special assessment of $100 for each count.  The Government submits that its requested sentence is sufficient, but no greater than necessary, to satisfy the purposes set forth in 18 U.S.C. 3553(a).

    I.    **18 U.S.C. § 3553(a) Sentencing Factors**

    The Government's requested sentence of 30 months of incarceration is supported by the factors outlined in 18 U.S.C. § 3553(a).

**(1)     Nature and Circumstances of the Offense**

First, as to "the nature and circumstances of the offense," under 18 U.S.C. § 3553(a)(1), the Government submits that the offense conduct was serious and victimized several small businesses – 13 in all, some of whom were victimized more than once.  The total loss in this case is over $500,000 and required significant planning.  Not only are the circumstances and breadth of the offenses compelling, but the fact that the Defendant committed these crimes while on supervised release *for the exact same conduct* is astonishing.

As detailed in the Statement of Fact in the Plea Agreement (ECF 72), the Defendant was working at Zenith Global Logistics with his co-defendant, Leemore.  The Defendant's theft scheme began in Harford County with theft from Zenith, taking a truck full of furniture valued at $50,000.  That truck was then used to commit the first of his burglary and theft schemes with Leemore, targeting farm equipment businesses.  The Defendant continued, on an almost weekly basis, to break into and steal from tractor businesses in Maryland, Pennsylvania, and New York.  Each of these businesses not only lost the actual tractor equipment but suffered other damages such as destroyed fences and destruction of property.

The Defendant searched for the target businesses on his phone, and he helped formulate plans with Leemore, who told the Defendant when to meet and where they would go.  On a few occasions, the Defendant and Leemore travelled all night for several hours, bringing the stolen tractors back to Maryland in the early morning hours under the cover of darkness.   They used walkie-talkies to communicate during their capers so as not to leave a cellular footprint that could be detected by law enforcement.

**(2)     The History and Characteristics of the Defendant:**

The Defendant's criminal history is somewhat extensive, with a criminal history category of IV.  His prior convictions include Possession with Intent to Distribute and Wear/Carry a Handgun (2003); Possession with Intent to Distribute (2005); and Violating a Protective Order (2020).  It should be noted that for the 2005 conviction, the Defendant served a sentence until 2019, and then violated his probation afterwards.

The PSR assigned 3 points towards the Criminal History Category for the 2003 conviction (ECF 77, ¶ 50).  In that case, the Defendant received an active sentence of 42 months with probation, which he violated due to his arrest in 2005.  While the assessment of 3 points appears correct, the criminal acts and the mandatory release in 2007 occurred just under the 15 years required by USSG §4A1.1, application note 1.  Due to complications surrounding his mandatory release and violation of probation in this case, the Government did not assess these 3 points in formulating its recommendation of 30 months.  Had the Defendant been given a Criminal History Category of II, his guidelines would have been 24-30 months.

In this particular case, the Defendant and his co-defendant stole riding mowers and equipment worth over $500,000.  In approximately 120 days in 2022, they stole over 25 of these mowers from twelve different businesses in Maryland, Pennsylvania, and New York – each time

2

causing damage to the businesses themselves by spray painting cameras, breaking down fences and gates, or cutting chains and locks. This was a classic crime spree that would have continued but for the incredible investigative work by the law enforcement team from multiple jurisdictions.

**(3)   Need to Afford Adequate Deterrence to Criminal Conduct:**

Under 18 U.S.C. § 3553(a)(2)(B), there is a need "to afford adequate deterrence to criminal conduct." A sanction needs to be imposed to send a signal to others who would contemplate engaging in repeated theft of motor vehicles. A sentence of 30 months of incarceration for this theft scheme deters others.

General deterrence is particularly important sentencing factor in fraud or property crime cases such as this one because it is viewed to be effective. *See United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) ("Because economic and fraud-based crimes are more rational, cool and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence."); *United States v. Edwards,* 595 F.3d 1004, 1021 (9th Cir. 2010)("[B]ank fraud, unlike an assault in a tavern or even domestic abuse, tends to be a planned, deliberate crime, which allows plenty of time for reflection, calculation of the odds of success or failure, and the ultimate decision.").

**(4)   Need to Avoid Unwarranted Sentence Disparities:**

Under 18 U.S.C. § 3553(a)(6), there is a need to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Using co-defendant Harvey Leemore's three prior convictions for the same type of offense, it is clear that a sentence of 36 months would be wholly consistent here.

In case no. 06-03, in NDWV, Leemore received a sentence of 51 months. In 12-276, in WDPA, Leemore received a sentence of 60 months. And in case no. 17-221, in WDPA, Leemore received a sentence of 63 months.

**II.   Victim Impact**

The Government has notified the victims of the offense of the sentencing hearing; it is still unknown if some will submit victim impact statements, address the Court at sentencing, and/or attend the sentencing hearing. No victim impact statements have been received to date. Of course, as victims of the offense, they are entitled to do any/all of the above. See, 18 U.S.C. § 3771. As soon as the Government is aware, we will advise the Court.

**III.   Restitution Request**

Pursuant to 18 U.S.C. § 3663A and U.S.S.G. §5E1.1, restitution shall be ordered in this case. As such, the United States respectfully requests that an Order of Restitution be entered, as

part of the Defendant's sentence in this matter, joint and several with the co-defendant. The Government will provide contact information for the payment of restitution to each these victims to the Courtroom Deputy via a separate document.

### IV. Conclusion

For the reasons set forth above, the government respectfully submits that 30 months of incarceration, 3 years of supervised release, and restitution, is a reasonable sentence, and is sufficient, but not greater than necessary to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a)(2).

Very truly yours,

Erek L. Barron
United States Attorney

_____
Colleen Elizabeth McGuinn
Assistant United States Attorney